IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-03116-PAB

ROMULO ISLAS PALACIOS,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
UNITED STATES ATTORNEY GENERAL,
DIRECTOR, Immigration and Customs Enforcement, and
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Romulo Islas Palacios's *pro se* second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 6]. Because petitioner is proceeding *pro se*, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Respondents have filed a response. Docket No. 11.

## I. BACKGROUND[1]

Petitioner is an immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado. Docket No. 6. He brings this habeas corpus action to challenge the legality of his immigration detention. In the second amended § 2241 application, petitioner asserts a single claim titled as follows: "My detention has become unconstitutionally prolonged and violates the 5th Amendment of the Constitution." (*Id.* at 2 (capitalization changed)). The following allegations support the claim:

> I have been detained in Ice custody for over 1 year. My last immigration hearing was on Jan 28 2026 I appealed the Judges decision. An appealment Process Takes from 1 to 2 years thus that will prolong my detention, therefore my deportation is not significantly likely in the reasonably foreseeable future.

(*Id.* (no alterations made)). As relief, petitioner asks the Court to order his immediate release from ICE custody subject to conditions of supervision. *Id.* at 5.

On October 13, 2026, respondents filed a response. Docket No. 11. Respondents indicate that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 1-2. Respondents state that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent[s], within seven days of this Court's Order, release Petitioner from

---

1 Petitioner asserts numerous facts in the second amended habeas application. Docket No. 6. Respondents do not dispute the allegations. Docket No. 11. Respondents state that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 1-2. "Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id.* Thus, the Court accepts as true the facts alleged in the second amended habeas application.

detention." *Id.* at 1-2 (emphasis in original) (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

Petitioner alleges that he has been in ICE custody for more than a year. Docket No. 6 at 2. His last immigration hearing was on January 28, 2026. *Id.* His appeal of the immigration judge's decision remains pending, and he expects it to take one to two more years. *Id.* Based on these allegations, petitioner claims that his continued detention without a final order of removal has become unreasonably prolonged in violation of the Fifth Amendment's Due Process Clause. *Id.* The unreasonably prolonged detention of an immigration detainee can violate the Fifth Amendment's Due Process Clause. *Andrade de Zarate v. Choate*, No. 23-cv-00571-PAB, 2023 WL 2574370, at *5 (D. Colo. Mar. 20, 2023) (holding that petitioner's "detention for over fourteen months without a bond hearing violates her Due Process rights under the Fifth Amendment"). Respondents have not disputed any part of petitioner's claim, and they have identified release as the appropriate relief if the Court grants the application. They have therefore waived any arguments in opposition to petitioner's claim that his prolonged detention violates due process. *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted)). The Court will therefore grant the application and order petitioner's release.

## III. CONCLUSION

Therefore, it is

**ORDERED** that the second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 6] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order, subject to conditions to be set by the Department of Homeland Security. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED October 22, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge